UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

FILED
JUL 1 2 2010
CLERK, U.S. DISTRICT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| MICHAEL IDROGO, § | |
| § | |
| Petitioner § | |
| § | |
| v. § | Civil Action |
| § | No. SA-10-CA-558-XR |
| JUDGE SARAH GARRAHAN, ET AL., § | |
| § | |
| Respondents § | |

# DISMISSAL ORDER

Before the Court is Petitioner Michael Idrogo's pro se Petition for Writ of Habeas Corpus challenging his prosecution in Case No. 331688 for simple assault in County Court No. 4 of Bexar County, Texas, which is scheduled for trial August 3, 2010. Petitioner seeks to have the criminal proceedings removed to this federal Court.

Petitioner Idrogo's Habeas Corpus Petition is premature because the State charge he challenges is still pending, he has not been convicted, and he has not exhausted his State remedies. The federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case. *See Younger v. Harris*, 401 U.S. 37, 41, 53-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Habeas corpus relief, whether sought pursuant to 28 U.S.C. § 2254 or § 2241, is not available until the petitioner has exhausted his available State remedies. *Dickerson v. State of Louisiana*, 816 F. 2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). "With the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief, as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings, and this case does not present the kind of 'special circumstances' which might require a different result." *In re Justices of Massachusetts Superior Court*, 218 F.3d 11, 19 (1st Cir. 2000). Furthermore, removal of a criminal

action pursuant to 28 U.S.C. § 1443(1) is not available because such a removal requires a showing State law denies the petitioner a federal right insuring racial equality and a showing the petitioner cannot enforce or vindicate his federal rights in State court, *see Johnson v. Mississippi*, 421 U.S. 213, 218, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975), and Petitioner has made no such allegations and there is no such showing in this case. Moreover, this Court has no supervisory or mandamus authority over the Texas Courts. *See Moyes v. Clerk, DeKalb County Sup. Ct.*, 474 F. 2d 1275 (5th Cir. 1973) ("a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought").

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Petitioner Idrogo's Habeas Corpus Petition is **DENIED WITHOUT PREJUDICE** and this case is **DISMISSED WITHOUT PREJUDICE.** Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Proceedings.

DATED: July 12, 2010

XAVIER RODRIGUEZ
United States District Judge